**FILED**

**February 24, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:31 AM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **JASON ALLEN LIVELY,** | ) | **Docket No. 2016-03-0759** |
| Employee, | ) | |
| **v.** | ) | |
| **PRUDENTIAL SECURITY, INC.,** | ) | **State File No. 57260-2015** |
| Employer, | ) | |
| **And** | ) | |
| **QBE INSURANCE CORPORATION,** | ) | **Judge Lisa A. Lowe** |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## DENYING REQUESTED MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on February 15, 2017, upon Mr. Lively's Request for Expedited Hearing. The central legal issue is whether Mr. Lively is entitled to a panel of psychiatrists or psychologists for evaluation of a potential mental injury. For the reasons set forth below, the Court finds Mr. Lively failed to come forward with sufficient proof to show that he would likely prevail at a hearing on the merits concerning his entitlement to a psychological evaluation.

### History of Claim

Mr. Lively is a thirty-four-year-old resident of Campbell County, Tennessee. Prudential Security, Inc. employed Mr. Lively as a security officer. On July 20, 2015, Prudential assigned Mr. Lively to provide security for Cherokee Health Systems. While at Cherokee Health, Mr. Lively assisted in trying to calm a patient who became unexpectedly combative and belligerent. During an attempt to restrain the patient, both he and the patient fell to the floor, and Mr. Lively injured his shoulder.

Prudential accepted Mr. Lively's shoulder claim as compensable and provided a panel of physicians. Mr. Lively selected Dr. Jon MacNaughton as the authorized treating physician. Dr. MacNaughton treated Mr. Lively over a period of sixteen months. He

1

provided conservative treatment and performed surgery. Dr. MacNaughton's treatment notes do not contain any reported complaints of anxiety or depression.

Mr. Lively obtained an independent medical evaluation with Dr. C.M. Salekin and reported depressed mood and decreased interest in daily living activities for approximately six months. Dr. Salekin found Mr. Lively suffered from adjustment disorder/depression from chronic pain and physical disability caused by the work injury.

Mr. Lively obtained another independent medical evaluation with Dr. William Kennedy. Dr. Kennedy recommended a psychiatrist evaluate Mr. Lively with regard to his probable depression and anxiety. Dr. Kennedy noted,

> It appeared that the traumatic nature of the incident of 7/20/15 combined with the resulting losses of physical function described on page two of this report warranted psychiatric consultation and possible treatment. I consider such psychiatric consultation and possible treatment . . . to be both appropriate and necessary in the care and treatment of Mr. Lively attributable to the work related incident of July 20, 2015.

In his Affidavit, Mr. Lively stated that due to his treatment with Dr. MacNaughton, he is significantly limited and experiences chronic pain. He stated he has anxiety and depression from his pain and cannot perform his daily living activities. As a result, he requests a psychological evaluation.

**Findings of Fact and Conclusions of Law**

Mr. Lively bears the burden of proving his entitlement to a psychological evaluation. Because this case is in a posture of an Expedited Hearing, however, Mr. Lively need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits in proving his entitlement to an evaluation. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016). The Court holds that Mr. Lively failed to demonstrate a likelihood of success at a hearing on the merits and denies his request for a psychological evaluation.

This case involves the interpretation and application of Tennessee Code Annotated section 50-6-204(h) (2016). At the hearing, Mr. Lively's attorney argued the Court is not constrained by section 50-6-204(h) (2016), which only allows for psychological/psychiatric treatment upon referral by an authorized treating physician. Rather, he stated the Court could order a psychological evaluation based on the reports of Drs. Salekin and Kennedy. Prudential's attorney argued the Court is constrained by the

2

referenced statute and as such, the requested referral is not provided for under the law.

Tennessee Code Annotated section 50-6-204(h) (2016) reads as follows, "All psychological or psychiatric services available under subdivisions (a)(1) and (b)(1) shall be rendered only by psychologists or psychiatrists and *shall be limited to those ordered upon the referral of physicians authorized under subdivision (a)(3)*." (Emphasis added.) Section (a)(3) contains the requirement that an employer provide a panel of physicians in order for an employee to select an authorized treating physician.

When interpreting a statute, our Appeals Board directs the Court to begin its analysis by looking to the language of the statute itself. *Syph v. Choice Food Grp., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 18, at *9 (Apr. 21, 2016). In so doing, the Court must define the statute's words by their plain and ordinary meaning in the context in which they are used. It must avoid a construction that unduly restricts or expands the meaning of the language used, as every word is presumed to have meaning and purpose. *Id.* at *29-30 (Davidson, J., concurring). As the Appeals Board reminds, when the words of a statute "clearly mean one thing, the courts cannot give them another meaning under the guise of construing them." *Hadzic v. Averitt Express*, 2015 TN Wrk. Comp. App. Bd. LEXIS 14 (May 18, 2015).

Here, the Court construes Tennessee Code Annotated section 50-6-204(h) (2016) to mean exactly what it says, which is that psychological evaluations are limited to cases where the authorized treating physician identified as directed under section (a)(3) makes a referral. In this case, it is undisputed that Dr. MacNaughton is the authorized treating physician and he never referred Mr. Lively for a psychological evaluation. Presumably, Dr. MacNaughton did not make a referral because his notes do not reflect that Mr. Lively expressed any psychological symptoms or complaints. In fact, on several treatment dates Dr. MacNaughton noted, "He reports no depression." Additionally, Mr. Lively continued to treat with Dr. MacNaughton for approximately four months after he saw Dr. Salekin. However, despite reporting to Dr. Salekin he was suffering from symptoms of depression, Mr. Lively did not convey those symptoms or complaints to Dr. MacNaughton during his follow-up visits.

Therefore, as a matter of law, Mr. Lively has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits. His request for a psychological evaluation is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Lively's claim against Prudential Security, Inc. and its workers' compensation carrier for the requested psychological evaluation is denied at this time.

2. This matter is set for a Scheduling Hearing on June 6, 2017, at 9 a.m. Eastern

3

Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED this the 24th day of February, 2017.**

_____
**HON. LISA A. LOWE**
**Workers' Compensation Judge**

# APPENDIX

Exhibits:

1) Affidavit of Jason Lively
2) First Report of Work Injury, Form C-20
3) Standard Form Medical Report for Industrial Injuries, Form C-32 of Dr. C.M. Salekin
4) Medical Records of LaFollette Medical Center
5) Medical Records of Dr. Jon MacNaughton
6) Medical Report of Dr. William E. Kennedy
7) December 21, 2015 Turkey Creek Medical Center record-marked for identification only

Technical Record:

1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Initial Hearing
4) Request for Expedited Hearing
5) Employee's Motion to Compel Payment of Benefits
6) Notice of Objection to C-32 Report of Dr. C.M. Salekin
7) Employer's response to Employee's Motion to Compel Payment of Benefits

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 24th day of February, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Ameesh A. Kherani, Employee's Counsel | | | X | akherani@davidhdunaway.com |
| Jess Maples, Employer's Counsel | | | X | jess.maples@leitnerfirm.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

5